Appellant complains that we took the wrong view of the purpose and effect of his objection to the testimony of witness Duncan as to what was said by said witness while before the grand jury. We have again reviewed the matter and are inclined to think that to some extent appellant is right in his conclusion. However the matter is not properly brought before us for review. The witness Duncan denying that he had made statements before the grand jury, and giving testimony hurtful to the State, might have been impeached by proof of the testimony given by him before the grand jury, in which event it would have been proper for the court to instruct the jury that such testimony could only be considered for purposes of impeachment. There was no such charge in the instant case, but no exception was taken to the failure of the court to so instruct the jury. We would regard the matter as one of no material effect however in view of the verdict of the jury. The charge in the indictment was a sale of liquor to Alfred Hardin. Hardin took the witness stand in behalf of the State and testified that on the day in question he saw appellant and got from him a quart of whisky; that he did not then pay him for it but told him that he would hand it to him some time. The liquor that he got was whisky and intoxicating. Upon this state of facts a verdict of guilty would have been upheld by this court had the witness Duncan not been *Page 320 
asked the matter under discussion as to what he testified before the grand jury. The penalty given by the jury was the minimum, and if the learned trial court had failed to instruct the jury as to the purpose for which the testimony could be admitted, and this omission had been properly excepted to, we would hold it productive of no harmful effect in view of the fact that appellant received the lowest penalty. We think the testimony shows with sufficient certainty that witnesses Watkins and Kendrick tasted the contents of the bottle of liquor purchased by Hardin from appellant on the occasion charged.
Appellant makes serious attacks upon our opinion in regard to the submission of the various counts in the indictment. It is the well settled rule that when there are counts in an indictment charging kindred offenses growing out of one transaction, the State is not required to elect but may submit to the jury all of the counts, it being further the rule that in such case the court should instruct the jury that in case of a verdict of guilty they say upon which count their verdict rests. Complaint is made that in the charge in this case the court told the jury to find under which count or counts, etc. We think the criticism of the charge without merit. The jury found the accused guilty under the first count, and, as above stated, gave him the minimum penalty.
Believing the motion to be without merit it will be overruled.
Overruled.